UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD GARCIA,

Plaintiff,

vs. Case No. 2:10-cv-487-FtM-29DNF

BILL CAMERON, Sheriff, THOMAS ROGERS, Major, EARL GOODWYNE, Captain, JESSICA LONG, Lt./Classification, PATRICIA MOON, Med. Dir., JOANNE ANDERSON, A.R.N.P., and JANET POLITO, Facility Dr.,

Defendants.
___________________________________

**ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file. Plaintiff Ronald Garcia ("Plaintiff" or "Garcia"), who is currently in the custody of the Florida Department of Corrections,[1] initiated this action by filing a *pro se* Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint). Plaintiff claims violations of the 5th, 6th, 8th, and 14th Amendments and the American With Disabilities Act while in the Charlotte County Jail. Complaint at 8. The gravamen of Plaintiff's Complaint is that he was placed in "lock down" status at the Charlotte County Jail on

[1]On December 28, 2010, mail sent to Garcia was returned to the Court as "Undeliverable/Released to DOC 9/29/10." See docket entry dated December 28, 2010. A review of the Florida Department of Corrections website reveals that Garcia is currently incarcerated at Liberty Correctional Institution. See www.dc.state.fl.us.

May 11, 2009, upon his arrival until June 23, 2009, when his private attorney contacted the jail to inquire as to why Plaintiff could not be moved to open population. Id. From May 11, 2009 until June 19, 2009, Plaintiff was denied recreation. Id. Thereafter, Plaintiff complains that he is only afforded 30 minutes of outside physical exercise, three times a week, 15 minute showers three times a week, and 15 minute shaves and/or haircuts three times a week. Id. Plaintiff also complains that he was denied placement in "open population" despite his grieving and appealing the issue. Id. at 9.

On June 11, 2010, Plaintiff states that "it had been 72 hours of uncontrolled glucose" and "Dr. Polito or the ARNP was not available." Id. Plaintiff avers that he "tried endlessly to explain the fact and key to diabetes management is exercise, proper diet, and low stress" but received no response from Dr. Moon. Id.

On June 15, 2010, Plaintiff states he was "denied counseling" with a Catholic Priest. Id. Plaintiff claims he witnessed a suicide hanging, and the uncovered body was left less than 12 feet within view of his cell. Id. As a result, Plaintiff states he had "nightmares" and, on "one occasion so intense [Plaintiff] rolled out of his bunk and injured [his] left hip and knee." Id. Plaintiff complains that he has "not slept well since the incident." Id.

As relief, Plaintiff seeks "monetary damages in the amount of four million dollars." Id. at 10. Additionally, Plaintiff seeks an "oral and public apology" and "criminal charges" to be brought against those responsible, as well as "disciplinary actions on immediate chain of command." Id. Plaintiff seeks leave to proceed *in forma pauperis* in this action. See Affidavit of Indigency (Doc. #2).

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a),(b)(1),(b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted). Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915A(b)(l). The standards

that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A(b)(l). Jones v. Bock, 549 U.S. 199, 215-16 (2007); Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

Consequently, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the Complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

Plaintiff files this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege

and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Although Plaintiff cites to a litany of constitutional violations, the Court, liberally construing the Complaint, finds that Plaintiff as pretrial detainee while at the Charlotte County Jail is entitled to the protections of the Fourteenth Amendment. Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it well settled that the same level of protection under the Eighth Amendment is afforded by the due process clause of the Fourteenth Amendment. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985); Cottrell v. Caldwell, 85 F.ed 1480. 1490 (11th Cir. 1996).

Upon review, the Court finds that the Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). At the outset, relief under § 1983 requires that a plaintiff show a physical injury or imminent threat of a physical injury. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e); Douglas v. Yates, 535 F.3d at 1321 (affirming district court's *sua sponte* dismissal based

upon affirmative defense of § 1997e(e) apparent from face of the complaint). Although Plaintiff states that he had "72 hours of uncontrolled glucose" he does allege to have suffered any physical injury as a result of the uncontrolled glucose. Instead, Plaintiff alleges only mental distress and emotional injuries and have not alleged any physical injuries or threats of a physical injury as a result of the temporary conditions of his confinement while at the Charlotte County Jail.[2]

It is a long held axiom that "by virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." McKune v. Lile, 536 U.S. 24, 40 (2002)(citing Meachum v. Fano, 427 U.S. 215, 225 (1976) and Hewitt v. Helms, 459 U.S. 460. 467, n.4 (1983)). "[T]he decision where to house inmates is at the core of prison administrators' expertise" and does not implicate due process rights. McKune at 39. Similarly, "an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before." West v. Higgins, 346 Fed. Appx. 423, 426 (11th Cir. 2009)(citing McKune at 39-40). Thus, because Plaintiff does not have an established due process interest in his classification and its

[2]Admittedly, Plaintiff injured himself when he fell out of bed from a nightmare, but such action cannot be attributable to any of the Defendants.

corresponding restrictions, the Court finds that the Defendants did not violate Plaintiff's due process rights by placing him in "lock down" status upon his arrival at the jail, or denying him "open population" status.

The Court additionally finds that Plaintiff's suggestion that the limitations placed on his recreation, showers or shaving violated his constitutional safeguards is without merit. The Eighth Amendment's prohibition against cruel and unusual punishment prohibits the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992); Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); Estelle v. Gamble, 429 U.S. 97, 102 (1976). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violate the Eighth Amendment. Hudson, 503 U.S. at 8. First, a condition must be objectively and sufficiently serious, or "extreme," to constitute a denial of the "minimal civilized measure of life's necessities." Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010)(quoting Farmer v. Brennan, 511 U.S. 825 (1994)(internal citations omitted)). Second, a plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind."[3] Id. (citations omitted).

[3]Notably, there are three distinct Eighth Amendment claims available to prisoner plaintiffs: conditions of confinement, excessive force, and deliberate indifference to a prisoner's serious medical needs. Thomas, 614 F.3d at 1303. Here, the (continued...)

In other words, a plaintiff must show the defendant acted with "deliberate difference." Id. Significantly, a defendant must: (1) have subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence. The Court employs a "totality of conditions" test to determine if the conditions of confinement amount to a constitutional deficiency. Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998). Here, the Court finds that Plaintiff cannot overcome the first hurdle of the test. Significantly, the Court does not find that the time restrictions placed on Plaintiff's outdoor recreation, showering, or shaving presents the type of deprivation of life's necessities to rise to an Eighth Amendment violation. "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities', conveniences, and services of a good hotel." Williams v. Berge, 102 Fed. Appx. 506, 507 (7th Cir. 2004)(citation omitted).

Although Plaintiff does not identify which, if any, of the named Defendants denied him "counseling" with a priest, it does not appear that Plaintiff intends to advance a First Amendment claim. See Complaint at 8. Even assuming *arguendo* that Plaintiff is attempting to advance a First Amendment claim, the Complaint is

---

[3](...continued) Amended Complaint does not allege any claims concerning excessive use of force or failure to provide medical treatment after Plaintiff's fall. To the contrary, the Complaint states that Plaintiff promptly received medical attention after the fall.

woefully short of articulating such a claim. While inmates retain the First Amendment guarantee that no law shall proscribe the free exercise of religion, Cruz v. Beto, 405 U.S. 319, 322 (1972), Plaintiff has not alleged how the inability to speak with a priest upon request substantially burdened his ability to practice his faith. Williams v. Sec'y for the Dep't of Corrs., 131 Fed. Appx. 682, 685 (quoting Martinelli v. Dugger, 817 F.2d 1499, 1503 (11th Cir. 1987), cert. denied, 484 U.S. 1012 (1988), abrogated on other grounds Harris v. Chapman, 97 F.3d 499 (11th Cir. 1996)); Harris v. Chapman, 97 F.3d 499, (11th Cir. 1996)); Turner v. Safley, 482 U.S. 78, 89-91 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 345 (1987).

Nor does the Court find that Plaintiff has adequately stated a claim for relief under the American With Disabilities Act. Plaintiff does not state whether officials failed to accommodate his disability or discriminated upon him due to his disability. See American With Disabilities Act, 42 U.S.C. §§ 12101-12214

("ADA").[4] Moreover, Plaintiff does not state what, if any, is his qualifying disability.[5]

Additionally, the decision to investigate and prosecute crimes is not within the purview of the Court but is entrusted to the executive branch. U.S. Const., art. II, § 3; United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000). The U.S. Attorney General has "broad discretion" to enforce the country's laws. Wayte v. United States, 470 U.S. 598, 607 (1985). Consequently, to the extent that Plaintiff believes that jail officials have violated a federal statute he may contact the U.S. Attorney.

Nor does the Court have the power to mandate jail officials to provide Plaintiff with an oral or public apology. While the Court may compel United States officials to perform duties that are within the jurisdiction of the United States District Courts

---

[4]Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132. Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a).

[5]A "'qualified individual with a disability'" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

pursuant to 28 U.S.C. § 1361, this case does not involve federal officials and is not within the parameters of § 1361.

For the reasons set forth above, the Court finds that Plaintiff has failed to state a cognizable claim under § 1983, and is otherwise not entitled to the relief he seeks. Consequently, this case will be dismissed without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1. This action is **DISMISSED** without prejudice.

2. The **Clerk** shall correct the address of docket to reflect Plaintiff's current address at Liberty Correctional Institution, terminate any pending motions, enter judgment accordingly, and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this 30th day of December, 2010.

John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record